**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

SCHOOL DISTRICT NO. 1, CITY AND COUNTY OF DENVER,

      Plaintiff,

v.

IGOR RAYKIN,

MAKENZIE BOGART,

ALAN DAVIS, and

KISHENEVSKY & RAYKIN, LLC,

      Defendants.

---

## COMPLAINT
---

      Plaintiff School District No. 1 in the City and County of Denver ("Denver Public Schools" or "District"), by and through its undersigned attorneys, brings the following complaint against Defendants Kishinevsky & Raykin, LLC, Igor Raykin, Makenzie Bogart, and Alan Davis:

## INTRODUCTION

1. This is an action for attorneys' fees incurred by Denver Public Schools in an administrative proceeding under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA"), initiated and continued by the Defendants even though frivolous, unreasonable, and without foundation.

## JURISDICTION

2. This Court has original jurisdiction over this matter pursuant to IDEA's fee award provision,

20 U.S.C. § 1415(i)(3)(B)(i) and 29 U.S.C. § 1331.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.   Plaintiff Denver Public Schools is a public school district which is a local education agency ("LEA") under the IDEA for special education purposes. C.R.S. § 22-30-103; 20 U.S.C. § 1401(19)(A).

5.   Defendants Igor Raykin, Makenzie Bogart, and Alan Davis are attorneys licensed to practice law in the State of Colorado. They represented A.R., a minor child who resides within the District and has been identified as a student eligible for special education and related services, and J.T., A.R.'s parent, in an administrative proceeding pursuant to the IDEA (the "Administrative Proceeding"). A.R. has been identified as a student eligible to receive special education and related services pursuant to the IDEA and the Colorado Exceptional Children's Education Act ("ECEA"). Upon information and belief, Defendants Raykin, Bogart, and Davis are residents of the State of Colorado.

6.   Defendant Kishinevsky & Raykin, LLC ("Defendant Firm"), is a Colorado limited liability company doing business as a law firm at the principal address of 2851 South Parker Road, Suite 150, Aurora, CO 80014. Attorneys for the Defendant Firm practice law in the State of Colorado and represented J.T., the parent of minor child A.R., in the Administrative Proceeding.

## FACTUAL ALLEGATIONS

7.   On or about June 10, 2020, Raykin and Bogart filed a due process complaint on behalf of parent J.T. and her minor daughter A.R. against the District ("Due Process Complaint"). The

2

Due Process Complaint alleged violations of the IDEA from 2015 through April of 2020.

8.  The Due Process Complaint alleged that the District denied A.R. a free appropriate public education ("FAPE") when it: (1) failed to consider a continuum of alternative placements in violation of 34 C.F.R. § 300.115; (2) failed to provide nonacademic services; (3) failed to identify a proper placement for A.R.; (4) failed to develop an appropriate individualized education program ("IEP"); (5) failed to develop appropriate IEP goals; and (6) failed to provide extended school year services ("ESY") to A.R.

9.  The Due Process Complaint alleged that four of A.R.'s IEPs failed to offer FAPE. The IEPs challenged were dated October 28, 2018; April 15, 2019; May 15, 2019; and August 27, 2019.

10. Although the IEP team developed two subsequent IEP's dated January 29, 2020, and April 22, 2020, the Due Process Complaint did not allege that either failed to provide FAPE.

11. The Due Process Complaint primarily challenged the placement in A.R.'s April 15, May 15, and August 27, 2019 IEPs. Each IEP was based on the same evaluation performed between January and March of 2019. Each IEP placed A.R. in the general education setting 36.1% of her school day. Outside of general education, A.R. was to receive direct instruction from a special education teacher, school psychologist, occupational therapist, and speech language pathologist. Each IEP provided the same amount of time of direct instruction from a special education teacher and special services providers outside of the general education environment, and would focus on similar goals and objectives.

12. The Due Process Complaint alleged that the April 15, May 15, and August 27, 2019 IEPs failed to provide FAPE primarily because they failed to place A.R. in an appropriate placement when they did not, as requested by J.T., retain A.R. in a lower grade at her academic level or

completely exclude her from general education.

13. The Due Process Complaint also alleged that the April 15, May 15, and August 27, 2019 IEPs failed to offer FAPE because they did not include goals related to a private organization called Brain Balance that J.T. hired in 2016 to evaluate A.R. J.T. requested that the District fund A.R.'s attendance at Brain Balance and reimburse her for the evaluation.

14. Each IEP included one Brain Balance goal. The District did not include additional Brain Balance goals, and did not reimburse J.T. for the evaluation or program in-part because Brain Balance's program is not recognized by any peer reviewed research.

15. The Due Process Complaint alleged that A.R. failed to make progress over a period of time, which J.T. asserted provided evidence that each IEP at issue failed to provide FAPE.

16. Regarding the allegation that the IEP failed to provide nonacademic services, the Due Process Complaint did not identify nonacademic services the District should have, but did not, offer.

17. Regarding the allegation that A.R. failed to qualify for ESY services, the Due Process Complaint specifically alleged that the District refused to qualify A.R. for ESY.

18. In February 2020, J.T. obtained an independent educational evaluation ("IEE") of A.R. The District paid for the IEE.

19. Beginning in April of 2020, A.R.'s IEP team met to review the IEE and receive input from the IEE evaluator. The evaluator recommended that A.R.'s IEP goals be simplified, but generally agreed that A.R.'s program was appropriate, including the placement. The IEP completed after meeting with the IEE evaluator is dated April 22, 2020.

20. Defendants Bogart and Raykin filed the Due Process Complaint on or about June 10, 2020. Although the placement in the January 29 and April 22, 2020 IEPs was identical to the April

15, May 15, and August 29, 2019 IEPs, the Due Process Complaint did not challenge the placement in either the January 29, or the April 22, 2020 IEP.

21. On June 18, 2020, the parties agreed to hold a resolution meeting on Wednesday June 24, 2020.

22. On June 22, 2020, the District filed its response to the Due Process Complaint ("Response"), wherein it pointed out that the Complaint did not challenge the April 22, 2020 IEP.

23. On June 23, 2020, Bogart notified the District's counsel that Defendants planned to amend the Due Process Complaint to include claims related to the April 22, 2020 IEP.

24. The District suggested postponing the resolution meeting until Defendants determined whether they would amend the Due Process Complaint so that it would have notice of all claims before engaging in the resolution process. Bogart responded by stating that she was no longer sure whether she and her co-counsel, Raykin, would indeed amend the Due Process Complaint. Raykin then stated that the District either needed to agree to an immediate resolution meeting or waive the resolution period. Because Defendants would not commit as to whether they intended to amend the claims, the District agreed to waive the resolution period.

25. On July 16, 2020 Administrative Law Judge Matthew Norwood held a prehearing conference. There, Defendants suggested a four-day due process hearing, representing that its case would require at least two full days of presentation. Judge Norwood set a five-day remote hearing for October 19 through 23, 2020.

26. On July 30, 2020, Bogart notified counsel for the District she would be leaving the Defendant Firm. Bogart did not withdraw as counsel for J.T. and A.R.

27. On September 14, 2020, Raykin notified the District's counsel that he planned to seek a continuance of the due process hearing. Defendants failed to file a motion to continue, so the

District drafted and filed a motion to continue on September 29, 2020, which was granted.

28. On October 20, 2020, Judge Norwood held a second prehearing conference. Again, Defendants requested a four-day hearing, representing that its presentation of evidence would take approximately 2 days. Judge Norwood set the hearing for February 22 through 26, 2021, and ordered that witness lists and exhibits be exchanged on January 22, 2021.

29. Raykin produced J.T.'s witness list and exhibit list on January 29, 2021. J.T.'s witness list included only one witness, J.T.

30. On February 2, 2021, the District held an IEP annual review meeting for A.R. J.T. attended the meeting without counsel. At the meeting, A.R.'s IEP team offered the same placement that had been operative in her previous IEPs. J.T. did not dispute the placement recommendation, and no concerns have ever been raised about the February 2, 2021 IEP.

31. On February 9, 2021, Raykin informed the District that another attorney at Defendant Firm, Alan Davis, would prosecute the case. Davis entered his appearance on February 9, 2021. The due process hearing commenced on February 22, 2021. Mr. Davis failed to introduce evidence that could plausibly state a claim for relief.

32. The only witness Mr. Davis called was J.T. Davis failed to present any evidence other than J.T.'s subjective belief that A.R.'s placement was inappropriate, or that retention in a lower grade level was necessary for A.R. to receive FAPE. To the contrary, J.T. admitted that A.R. made progress in her placement.

33. J.T. also testified that the District failed to implement goals developed by Brain Balance, the independent organization that previously evaluated A.R. However, Davis did not call any Brain Balance witnesses to introduce the Brain Balance evaluation or testify about the necessity of

Brain Balance goals for A.R. to receive FAPE.

34. Davis offered no evidence, nor did J.T. testify, as to why the October 28, 2018 IEP failed to offer FAPE.

35. Davis did not discuss or offer as evidence, the May 15, 2019 or August 29, 2019 IEP, although the Due Process Complaint challenged those IEPs.

36. As discussed, J.T. requested and was granted an IEE at the District's expense. However, Mr. Davis failed to call the IEE evaluator as a witness to discuss the results of the IEE.

37. Regarding the allegation that the District refused to provide ESY to A.R., J.T. admitted at the hearing that the District had indeed offered ESY services.

38. As to allegations in the Due Process Complaint that A.R. failed to make progress, Davis only offered unsupported opinion testimony from J.T. regarding an alleged lack of progress. Indeed, A.R.'s progress reports and IEPs clearly demonstrated great progress on her IEP goals.

39. Davis rested his case after approximately three hours of testimony, despite the Defendants' representation that J.T.'s case spanned five years and would require at least two days to present.

40. When Davis rested, the District moved to dismiss, arguing that J.T. had failed to carry her burden. Judge Norwood heard argument from the District and Davis, and granted the District's motion.

41. On March 1, 2021, Judge Norwood issued his decision. Judge Norwood specifically found that J.T. failed to present evidence to establish any procedural or substantive violations of the IDEA.

42. Despite the ALJ's mid-hearing dismissal and the lack of evidence to support its claims, Raykin and the Defendant Firm filed civil action number 21-cv-01227-PAB-STV in the Federal

District Court for the District of Colorado pursuant to 20 U.S.C. § 1415(i)(2) on May 4, 2021, challenging the ALJ's decision. Defendant's Firm represents that it will not present any additional evidence.

43. Robert Montgomery and Darryl Farrington, with the law firm Semple, Farrington, Everall & Case, P.C., represented the District in the administrative hearing.

44. Mr. Montgomery and Mr. Farrington are licensed to practice law in Colorado. Mr. Montgomery was admitted to the Colorado bar in 2016. Mr. Farrington has been licensed to practice law in Colorado since 1975.

45. Mr. Montgomery spent a total of 173.6 hours working on this matter from June 8, 2020 to March 2, 2021.

46. Based on an hourly rate of $175.00 per hour and $200.00 per hour, Mr. Montgomery's 173.6 hours of work resulted in $33,995.00 in attorneys' fees in this matter.

47. Mr. Farrington spent a total of 2.2 hours working on this matter from June 8, 2020 to March 2, 2021.

48. Based on an hourly rate of $205.00 and $235.00 per hour, Mr. Farrington's 2.2 hours of work on this matter resulted in $484.00.

49. Elaine Montoya is the office manager and paralegal at Semple, Farrington, Everall & Case, P.C. From June 8, 2020 to March 2, 2021, Ms. Montoya performed 6.3 hours of work at a rate of $80.00 and $100.00 per hour resulting in $606.00 in costs.

50. Kathleen Schmidt is a legal assistant at Semple, Farrington, Everall & Case, P.C. From June 8, 2020 to March 2, 2021, Ms. Schmidt performed 7.9 hours of work at a rate of $100 per hour resulting in $790.00 in costs.

51. In total, the District paid $35,875.00 in fees and costs to Semple, Farrington, Everall & Case, P.C. from June 8, 2020 to March 2, 2021 for their representation related to the Administrative Proceeding at issue.

## APPLICABLE LAW

52. The IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(II), provides that a Court, in its discretion, may award reasonable attorneys' fees to a prevailing party who is a local education agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation.

53. The IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(II), further provides that a Court, in its discretion, may award reasonable attorneys' fees to a prevailing party who is a local education agency against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation.

54. A civil action is the proper procedure for a prevailing party in an administrative due process hearing pursuant to the IDEA to seek attorneys' fees. 20 U.S.C. § 1415(i)(3)(A); *Bridges Pub. Charter Sch. v. Barrie*, 796 F. Supp. 3d 466 (E.D. Va. 2014); *D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist.*, 806 F.3d 310 (5th Cir. 2015).

## FIRST CLAIM FOR RELIEF

55. Plaintiff herein incorporates by reference the allegations in the above paragraphs 1 – 54.

56. Because the ALJ held that J.T. failed to meet her burden of proof and held for the District on the merits, the District was a prevailing party in the Administrative Proceeding.

57. The June 10, 2020 Due Process Complaint was frivolous, unreasonable and brought without foundation. First, the lack of evidence presented at hearing demonstrated that there was no

basis for the claims other than J.T.'s unsupported opinions. The Due Process Complaint indicated that Brain Balance was a crucial element to J.T.'s case, and that the IEE somehow demonstrated that A.R.'s IEPs failed to offer FAPE, but Mr. Davis and the Defendant Firm failed to call any witnesses from Brain Balance, failed to call the IEE evaluator as a witness, and failed to present any evidence, other than J.T.'s lay opinions that that the IEPs failed to offer FAPE.

58. Moreover, J.T. admitted at the hearing that A.R. had made progress toward her IEP goals and admitted that the District had indeed offered ESY to A.R. Finally, A.R.'s January 29, 2020 IEP and April 22, 2020 IEP placed A.R. in the same placement as the three previous IEPs, however, none of the Defendants challenged those IEPs, and J.T. and Mr. Davis provided no evidence or testimony at hearing that those IEPs failed to offer FAPE. Accordingly, Defendants knew when the Due Process Complaint was filed on June 10, 2020, that the challenge to A.R.'s placement was unreasonable and without foundation.

59. A.R.'s IEP team amended her IEP in April of 2020, and the IEP assigned A.R. to the same placement the Defendants challenged. Moreover, the April 2020 IEP contained many of the same elements challenged in previous IEPs. Defendants Raykin and Bogart knew of this placement decision yet filed the Due Process Complaint knowing there was no ongoing dispute. Defendants Raykin and Bogart represented that they considered amending the complaint to include claims related to the April 2020 IEP. They chose not to amend the complaint, essentially conceded that the April 2020 IEP, including the placement, was appropriate. Yet they continued to litigate the case knowing it was frivolous, unreasonable, and brought without foundation. In addition, another IEP meeting was held on February 2,

2021, before the due process hearing. A.R.'s IEP team placed A.R. in the same challenged placement. Defendants never challenged that IEP or A.R.'s placement therein. Accordingly, Defendants Raykin and Davis knew that the claims were frivolous, unreasonable, and brought without foundation, but moved forward with the Administrative Proceeding.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Find that the Defendants brought a due process complaint that was frivolous, unreasonable, and without foundation;

2. Find that Defendants continued to litigate after the litigation had become frivolous, unreasonable and without foundation;

3. Award to the District $35,875.00 as payment of attorneys' fees and costs for in the Administrative Proceeding initiated and continued by Defendants;

4. Award to the District its attorneys' fees and costs for the prosecution of this case; and

5. Order any such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of August, 2021.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Robert P. Montgomery*
　　　M. Brent Case
　　　Mary B. Gray
　　　Robert P. Montgomery
　　　1120 Lincoln Street, Suite 1308
　　　Denver, CO  80203
　　　(303) 595-0941
　　　bcase@semplelaw.com
　　　mgray@semplelaw.com
　　　rmontgomery@semplelaw.com

　　　ATTORNEYS FOR PLAINTIFF